CHARLES W. CULLEN, Trustee in Bankruptcy of THE DELMAR LUMBER MANUFACTURING COMPANY, a corporation of the State of Delaware, *vs.* MARY A. VEASEY.

1.  PLEADING—DEMURRER—ADMISSIONS.
     A general demurrer admits all of the material facts well pleaded.
2.  SALES—ACTION FOR PRICE—REPLICATION.
     In assumpsit for goods sold, defendant pleaded payment, and the replication alleged that defendant's husband was formerly the president of a bankrupt corporation of which plaintiff was trustee, and that the corporation was formally adjudged bankrupt, and that defendant, with the influence of her husband, fraudulently and with the intent of defrauding the company's creditors, and creating an illegal preference in favor of her husband, four months before the filing of the petition of bankruptcy, transferred her indebtedness to the corporation to her husband, an alleged creditor of it, and that defendant's husband thereupon, wrongfully and without the consent of the company's board of directors, credited defendant with payment of her indebtedness to the company, and also set off defendant's debt to the company, to the amount so pleaded by her, against the indebtedness

of the company to defendant's husband, thereby creating in her husband an illegal preference in violation of the federal Bankrupt Act (Act July 1, 1898, c. 541, 30 *Stat.* 544 [*U. S. Comp. St.* 1901, *p.* 3418]). *Held*, that the replication was good on demurrer.

*(February* 4, 1914.)

Judges BOYCE and CONRAD sitting.

*Albert Worth* and *John W. Huxley, Jr.*, for the plaintiff.

*Robert C. White* for defendant.

Superior Court, Sussex County, February Term, 1914.

ACTION (No. 14, April Term, 1913) by Charles W. Cullen, trustee in bankruptcy of the Delmar Lumber Manufacturing Company, against Mary A. Veasey. (Trial, *post*).

Declaration in assumpsit for goods sold and delivered. General demurrer to the replication of the plaintiff to the third plea of the defendant, being a plea of payment. It was averred in the replication, in substance, that Theodore A. Veasey, husband of the defendant, was on the twenty-second day of June, 1912, president of the said the Delmar Lumber Manufacturing Company, and that on the twentieth day of the same month Willard F. Deputy, one of the officers of the said company, filed a bill in the Court of Chancery of the State of Delaware, in which it was alleged that the company was insolvent, to which bill answer was filed by the said company, admitting all the allegations therein, under oath of the said Theodore A. Veasey as to the truth of the matters contained in said answer, as well as that the execution and filing thereof were done in pursuance with directions and authority of a resolution of the board of directors of said company, passed on the nineteenth day of June, 1912; that the Chancellor did on the twenty-fourth day of June, 1912, decree the said company to be insolvent and appointed receivers therefor; that on the eleventh day of July, 1912, an involuntary petition in bankruptcy was filed in the United States Court for the District of Delaware, upon which petition the said company was duly adjudged bankrupt; that the defendant, with the influence of her husband, wrongfully, fraudulently and illegally, with the purpose and intent of defrauding the creditors of the said company and creating an

Statement—Demurrer Overruled.

illegal preference in favor of the husband of the said defendant, then four months before the filing of the said involuntary petition of bankruptcy, transferred her indebtedness to the said company to her husband, an alleged creditor of the said company; that the defendant's husband thereupon wrongfully, illegally and without the consent of the board of directors of the said company, credited the defendant with the payment of her said indebtedness to the said company and also set off the debt of the said defendant to the said company to the amount so pleaded by her against the indebtedness of the said company to the husband of the defendant as set forth in her said plea, thereby creating in her said husband an illegal preference in violation of Section 68 of the Act of Congress entitled "An act to establish a uniform system of bankruptcy throughout the United States."

*Per Curiam.* [1, 2] It is a rule of pleading that a general demurrer admits all material facts well pleaded. It is the opinion of the court that the replication is good and the demurrer should not be sustained. It is overruled.